Houston, J.,
announced the opinion of the Court: In this case judgment must be entered for the defendant on the special report returned by the referees.
The law in relation to husband and wife renders the husband liable during coverture for all the debts of the wife contracted before their marriage, without any reference to the property or estate which he may have acquired by her; but this liability exists and continues only during the lifetime of the wife, unless the nature of the debt is changed by the recovery of a judgment upon it against the husband during her life, and if she dies before this is done, his liability as her husband, which he has now ceased to be, for her debts contracted prior to the marriage, is entirely discharged, notwithstanding he may have acquired by the marriage, property in her right, far beyond the amount of her indebtedness at that time. For as the law makes Urn liable for all her debts during their coverture, without regord to her means before the marriage, so the law, by way of equivalent and upon a principle of compensatory justice, *330 relieves him of that liability as her husband on her decease, without relation, as we have before said, to any fortune,. however great, which he may have obtained by her.
But in this case the action is not against the defendant as the husband, but as the administrator of his deceased wife. This, however, does not materially affect or alter the principle before referred to. For although the husband, on the death of the wife, is entitled to and may take out letters of administration on her i estate, he is not in general liable as such for her debts contracted previous to the marriage. He is only liable, even in this capacity, to the extent of such choses in action, if any, as may have been due her, and which were not reduced to possession by him as her husband, before her death, and which he must now resort to an administration on her estate, in order to sue for and recover them. But even this limited liability, we apprehend, can only be enforced in chancery, and has no existence at common law. 2 Kent’s Com. 135; 2 Bright’s Husb. and Wife, 2. This, at all events, is the measure and extent of his liability even as her administrator; and it should therefore appear, if we were disposed to recognize and adopt the principle as a rule of action for this Court in this case, that there were such choses in action due her, and payable to the defendant as her administrator, before any obligation could be imposed on him as such to pay this debt after her decease. And this must be so, for the obvious reason, that there must be assets applicable to the debt before the administrator can be made liable for it, and in no other way can there be any assets coming to his hands as her administrator, since all her personal property and effects reduced to possession by him before her death became his absolutely, and are not now in his hands as her administrator. But the report of the referees in this case says nothing about any choses in action due the wife at the time of her. death, and we must of course presume that there were none. Judgment must therefore be entered for the defendant.